Sanjay Sethi, Esq.
**Sethi & Mazaheri, LLC**.
344 Grove Street, #111
Jersey City, NJ 07302
Telephone: (646) 405-9846
Fax: (201) 595-0957
E-mail: sethi@sethimaz.com
Bar #: 1009588

### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMADREZA MASROOR**<br>11 16th Street, Gandi Avenue<br>Tehran, Iran<br><br>Plaintiff,<br><br>v.<br><br>**KRISTI NOEM,** *in her official capacity as Secretary, U.S. Department of Homeland Security*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**JENNIFER B. HIGGINS,** *in her official capacity as Acting Director, U.S. Citizenship and Immigration Services*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**MARY ELIZABETH BRENNAN SENG,** *in her official capacity as Director, Texas Service Center, U.S. Citizenship and Immigration Services*; 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485<br><br>**JAMES R. MCHENRY III,** *in his official capacity as Acting Attorney General of the United States*, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001<br><br>Defendants. | **CIVIL ACTION NO.**<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF MANDAMUS** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND

## PETITION FOR WRIT OF MANDAMUS

Plaintiff Mohammadreza Masroor ("Plaintiff" or "Mr. Masroor"), through undersigned counsel, alleges as follows:

### I.    PRELIMINARY STATEMENT

1.    Plaintiff Mohammadreza Masroor, an individual of exceptional ability who has made significant contributions in the field of Medical Device Innovation. Plaintiff filed for an I-140 Petition for Alien Worker with a National Interest Waiver ("I-140 EB-2/NIW petition") on May 14, 2024. Without conducting the appropriate analysis, United States Citizenship and Immigration Services ("USCIS") denied his petition on September 9, 2024.

2.    Mr. Masroor's exceptional ability is evidenced by his successful leadership as Founder and President of Arasimaye Tehran Company, one of the leading medical device companies in Iran. Under his leadership, his company became the one-stop solution for plastic surgery equipment by introducing innovative products like burn garments, silicone sheets, and post-surgery garments, previously unavailable in his home country. His venture generates nearly $10 million in annual revenue and positively impacts the state of the healthcare industry by enhancing the health and well-being of patients and addressing the unmet needs of healthcare professionals.

3.    Plaintiff has over 30 years of extensive experience in establishing successful businesses, nurturing international partnerships, and driving market expansion. Under his leadership, his company has become the exclusive representative of several renowned international medical device companies, introducing a wide range of innovative products to

2

the Iranian market, positively impacting the state of the healthcare industry in his home country.

4. On May 14, 2024, Plaintiff filed an I-140 EB-2/NIW petition with USCIS, seeking classification as an alien of exceptional ability in the field of Medical Device Innovation.

5. Despite submitting extensive evidence of his qualifications and the national importance of his work, USCIS denied Plaintiff's petition on September 9, 2024. While USCIS found the substantial merit of Plaintiff's proposed endeavor, its denial was based on the finding that Plaintiff failed to demonstrate the "national importance" of his proposed endeavor, that he was well-positioned to advance his proposed endeavor, and that it would be on balance beneficial to the United States to waive the requirements of a job offer and labor certification.

6. Defendant USCIS's denial is arbitrary, capricious, and contrary to the evidence presented. Most egregiously, in making the decision, USCIS repeatedly made generic assertions that Plaintiff "did not sufficiently establish" the national importance of his proposed endeavor and the benefit of waiving the requirement of a job offer and labor certification, without stating why the extensive evidence Plaintiff submitted was insufficient. USCIS only supported its conclusion with copy-and-paste statements on the evidentiary standard for the National Interest Waiver, engaging in few specifics on the nature of the substantial probative evidence submitted, including a detailed business plan, expert opinion letters, a letter of intent ("LOI") to invest in his proposed venture by a prominent Silicon Valley-based venture capital ("VC") firm, and objective evidence of government and private initiatives, showing the national importance of the advancement of medical device innovation in the United States.

The lack of any specificity or analysis, coupled with USCIS' repeated copy-and-paste statements of the evidentiary standard for the National Interest Waiver, indicates that a serious review of the merits of Plaintiff's case was not conducted.

7.      Further, USCIS' decision reflects a fundamental misunderstanding of Plaintiff's proposed endeavor, failing to fully recognize the specific and specialized nature of his plan to establish Useema—a medical device innovation startup in Silicon Valley—with a focus on designing and manufacturing innovative, lightweight, and biocompatible breast implants in the United States.  Not only did Mr. Masroor clearly establish unique, specialized skills and expertise in the field of medical device innovation through his 30-year track record, he provided extensive evidence that his proposed endeavor will improve public health outcomes related to breast cancer treatment by enhancing patient health, safety, and well-being. His detailed business plan and comprehensive evidence demonstrated that this aligns with various U.S. government initiatives and industry needs seeking to improve breast cancer outcomes, reduce healthcare costs, and drive medical device innovation. Instead, the Defendant USCIS decision focused narrowly on Plaintiff's business background without adequately recognizing the role of his business acumen in advancing medical device innovation. This oversight led to a flawed evaluation of Plaintiff's proposed endeavor, dismissing its direct and tangible alignment with national healthcare and technological priorities.

8.      Defendant USCIS' cursory review ignored compelling evidence of the broader implications of Plaintiff's work, including its potential to contribute significantly to the U.S. economic and technological landscape. Plaintiff demonstrated how his endeavor would reduce the healthcare system's burdens and reinforce America's position as a global leader in the

medical technology ("MedTech") industry. By advancing innovative solutions for breast cancer treatment and reconstructive surgery, Plaintiff's work aligns directly with U.S. government and industry initiatives to improve public health outcomes, reduce healthcare costs, and drive medical device innovation. Defendant USCIS failed to properly evaluate this evidence and instead dismissed these broader implications without sufficient analysis, treating it as merely importing an existing product rather than establishing innovative medical device manufacturing in the U.S.

9.     Further, USCIS repeatedly requested evidence that was already submitted in the initial filing, clearly indicating that a serious review of Mr. Masroor's petition was not conducted and key evidence was ignored.

10.     This action is brought against the Defendants for declaratory judgment, injunctive relief, and review of an agency action under the Administrative Procedure Act ("APA") based on Defendants' unlawful, arbitrary, and *ultra vires* denial of Plaintiff's I-140 EB-2/NIW petition, which sought to classify her as "an alien with exceptional ability" in the field Medical Device Innovation.

## II.     STATEMENT OF FACTS

11.     Plaintiff filed an I-140 Immigrant Petition on May 14, 2024 [USCIS Receipt Number: IOE0925847780] with the United States Citizenship and Immigration Services ("USCIS") Texas Service Center ("TSC") seeking an immigrant visa under the employment-based second preference category ("EB-2") of the Immigration and Nationality Act ("INA") on the basis of him being a member of the professions holding an advanced degree or an alien of exceptional ability in the field of Medical Device Innovation. In order to demonstrate eligibility for the immigrant visa, the petition must be accompanied by evidence showing that

the alien is a professional holding an advanced degree or an alien of exceptional ability in the sciences, the arts, or business satisfying at least three of six qualifying criteria outlined in 8 CFR § 204.5(k)(3).

12.    In addition, Plaintiff applied for a waiver of the requirement to obtain a labor certification, available to applicants whose professional field is in the "national interest" of the United States as outlined in 8 CFR § 204.5(k)(4)(ii) and *Matter of Dhanasar*.

13.    Plaintiff submitted nearly 600 pages of documentary evidence establishing his eligibility for the employment-based second preference category ("EB-2") with a waiver of the labor certification.

14.    Plaintiff's initial submission included evidence of being an alien of exceptional ability in his field, such as the following:

   a.   Proof of his Master's degree in Business Administration.

   b.   Documentation of his over 20 years of professional experience as President of Arasimaye Tehran Company, where he led a successful business with over $10 million in annual revenue.

   c.   Evidence of holding licenses and professional certificates.

   d.   Evidence of recognition for his achievements and his significant contributions to the industry, including numerous exclusive business contracts and partnership agreements with prominent international companies.

   e.   Evidence of his company's financial success.

   f.   Expert opinion letters from professionals in the field, including by the most prominent Iranian plastic surgeons and professors of reconstructive surgery,

and veteran MedTech industry experts in Silicon Valley, attesting to Plaintiff's exceptional abilities and potential contributions to the United States.

g.  Evidence of his membership in professional associations.

h.  Evidence that Mr. Masroor has commanded a salary or other remuneration for services that demonstrates his exceptional ability, as President of Arasimaye Tehran Company.

15.  Additionally, Plaintiff's initial submission included comprehensive documentation highlighting his eligibility by a preponderance of the evidence for a waiver of the requirement to obtain a labor certification. Plaintiff submitted a highly detailed business plan to establish Useema as a new MedTech venture in the United States to design, manufacture, and commercialize innovative, lightweight, and biocompatible breast implants that address critical challenges in the market, aiming to address safety concerns, physical discomfort, and the need for costly revision surgeries. This endeavor aims to improve public health outcomes related to breast cancer treatment and reconstructive surgery, enhance patient safety and well-being, and contribute to advancements in medical technology. He also provided objective documentary proof that this endeavor has both substantial merit and national importance, that he is well-positioned to advance the proposed endeavor, and that on balance, it would be beneficial to the United States to waive the job offer. This evidence included, but was not limited to the following:

a.  A detailed business plan to establish "Useema" in the United States as an innovative startup company.

b. Letter of Intent from a Silicon Valley-based VC firm acknowledging their intention to invest in Plaintiff's proposed endeavor of establishing Useema, as a startup company.

c. Evidence of the substantial merit and national importance of his endeavor, including objective evidence from various U.S. government agencies reports and policies and scholarly articles, corroborating the Plaintiff's presence in the United States would substantially benefit the national economy, enhance the national healthcare system by reducing medical costs and improving patient outcomes, and promote America's technological leadership in the medical device industry.

d. Evidence that Mr. Masroor is well-positioned to advance the field of Medical Device Innovation in the United States, as demonstrated by his practical impact on and record of success in the field and expert opinion letters from authorities in the field.

e. Evidence that it would be beneficial to the United States to waive the requirements of a job offer and labor certification for Mr. Masroor, including evidence proving that per Defendant USCIS' Policy Manual, as an entrepreneur establishing a new business in the United States, Plaintiff will not only be self-employed but also will create new jobs for U.S. workers. Further, objective evidence confirming the labor shortage in the medical device innovation sector in the United States was also provided.

16.     In response to the above detailed and thorough submission, Defendant USCIS issued a Request for Evidence ("RFE") on May 20, 2024.

17.    Defendant USCIS found in its RFE that Plaintiff did not meet any of six statutory requirements outlined in 8 CFR § 204.5(k)(3) to be eligible for classification as an alien of exceptional ability in his field. Defendant USCIS failed to engage with proffered evidence and to provide any substantive evaluation of submitted evidence on Plaintiff's academic background, employment history, licenses and certificates, as well as evidence of his high salary or remuneration and recognition for his significant contributions and achievements in his field.

18.    Furthermore, Defendant USCIS asserted that Plaintiff failed to establish that his petition merits the granting of a national interest waiver (NIW), pursuant to 8 CFR § 204.5(k)(4)(ii) and *Matter of Dhanasar*. USCIS specifically found that Plaintiff did not establish the substantial merit and national importance of the proposed endeavor, that he was well-positioned to advance the proposed endeavor, and that on the balance it would be beneficial to waive the EB-2 visa's job requirement and labor certification.

19.    The generic nature of the NIW denial in the RFE issued by Defendant USCIS makes it clear that a meaningful analysis of the evidence and Plaintiff's eligibility was never conducted. The notice broadly states that the detailed submission "does not show the prospective impact" of Plaintiff's endeavor "beyond his own self, clients, or employers," ignoring extensive documentation that clearly demonstrated the national importance and substantial merit of Plaintiff's proposed business venture, and repeatedly requested documentary evidence that had already been included in Plaintiff's initial submission to USCIS.

20.    At an initial level, Defendants USCIS and the Texas Service Center fundamentally mischaracterized Plaintiff's proposed endeavor, as a mere continuation of

previous employment, rather than recognizing its specific focus on establishing a new medical device innovation startup venture in the United States. USCIS confusion on the proposed endeavor—despite Plaintiff's clear delineation of his prospective professional project—resulted in its faulty analysis on the national importance of his work.

21.    One prominent example of USCIS' flawed analysis can be seen in their specious comparison of Plaintiff's professional endeavor with that of a Postdoctoral Researcher in the air and space propulsion systems field. USCIS erroneously states "[the proposed endeavor] was to continue research into the design and development of propulsion systems for potential use in military and civilian technologies such as nano-satellites, rocket-propelled ballistic missiles, and single-stage-to-orbit vehicles." This is a bewildering comparison, as Plaintiff's proposed endeavor is fundamentally different in both scope and practical application. Unlike theoretical research in propulsion systems, Plaintiff's endeavor focuses on establishing a medical device manufacturing startup in the United States to address critical healthcare needs. By advancing innovative surgical tools and prosthetic devices for pain management, reconstructive surgery, and plastic surgery, Plaintiff's work aligns with national priorities in healthcare, patient safety, and medical innovation, resulting in a direct and tangible impact on public health outcomes and the U.S. economy.

22.    With respect to Plaintiff's professional qualifications, Defendant USCIS again failed to consider the extensive evidence showing that he is well-positioned to advance his proposed endeavor of establishing an innovative medical device manufacturing company in the United States. Alarmingly, Defendant USCIS' denial heavily relied on a vague assertion that "the petitioner did not clearly define the proposed endeavor," thereby claiming that USCIS was "unable to determine if the self-petitioner is well positioned to advance the

proposed endeavor." This statement demonstrates a clear disregard for the nearly 600-page evidence packet, submitted by Plaintiff. This calls into question whether Defendant actually reviewed all of the evidence submitted.

23.    Furthermore, Defendant USCIS erred again in its analysis by imposing an undue and improper burden on Plaintiff with respect to FDA certification requirements. In the RFE, Defendant USCIS stated that Plaintiff had not provided evidence to demonstrate he holds, has applied for, or otherwise meets the requirements for an FDA license to engage in medical device manufacturing in the United States. However, this requirement is both premature and unsupported by the regulatory framework governing the EB-2 National Interest Waiver, which makes no mention of licensing or certification in the United States for a proposed endeavor in order to satisfy the second prong of the *Dhanasar* framework.

24.    Defendant's assertion about providing evidence on progress towards achieving the proposed endeavor is another example of the arbitrary nature of the review. USCIS' Plaintiff is based in his home country and could not have initiated meaningful work to advance his proposed endeavor in the United States without being physically present. Also noteworthy is the lack of consideration given to the fact that Plaintiff already established an analogous entity in Iran, thereby demonstrating the expertise and intent to set up a related endeavor in the U.S.

25.    Furthermore, in denying Plaintiff's qualifications to advance his proposed endeavor, Defendant USCIS failed to acknowledge that Mr. Masroor submitted a clear detailed overview of his endeavor to establish the "Useema," showing clearly how he would aim to contribute to the medical device innovation in the United States. Instead, the RFE

stated that "the petitioner has failed to establish they are well positioned to advance the proposed endeavor."

26.    Lastly, Defendant USCIS asserts in the RFE that Plaintiff "has not established that, on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification."  Defendant USCIS conducted no in-depth analysis nor proffered any comments on above cited evidence. This statement further demonstrates USCIS' failure to comprehend the nature of Plaintiff's proposed endeavor.

27.    Firstly, as an entrepreneur, Plaintiff would not have an employer, a fact seemingly overlooked by USCIS.

28.    Secondly, this generic notice disregards the abundance of evidence submitted showcasing the broader impact that Plaintiff's work would have on medical device industry across the United States, as well as specific evidence demonstrating the substantial merit and national importance of the proposed endeavor of establishing Useema, as a medical device innovation startup venture enhancing U.S. healthcare standards by offering safer and more effective implant solutions that significantly improve patient health and safety and reduce healthcare costs. The Plaintiff included in his petition evidence of direct alignment with key governmental initiatives of national healthcare and technological advancement. USCIS's failure to acknowledge and evaluate this evidence and its reliance on boilerplate language underscores the arbitrary and capricious nature of its decision-making process.

29.    In response to the RFE, Plaintiff submitted a comprehensive evidentiary packet of over 120 pages addressing the areas of insufficiency outlined by Defendant USCIS, which was received by the Texas Service Center on August 15, 2024. Plaintiff's response to the RFE discussed in detail the shortcomings in the Defendant agency's analysis of the evidence for

each of the eligibility criteria but still provided extensive additional supplementary evidence, including the following:

    a.  Further evidence of Plaintiff's academic record and advanced degrees.

    b.  Further evidence reaffirming Plaintiff's over 20 years of professional experience.

    c.  Further evidence of holding operation licenses and professional certificates.

    d.  Further evidence of Plaintiff's receiving salary or remuneration as the major shareholder and President of Arasimaye Tehran Company.

    e.  Further evidence of membership in professional associations.

    f.  Further evidence of Plaintiff's recognition for his achievements and significant contributions to his industry.

    g.  Further evidence of the substantial merit and national importance of Plaintiff's proposed endeavor of establishing Useema, as a medical device innovation startup venture in the United States.

    h.  Further evidence reaffirming that Plaintiff is well-positioned to advance his proposed endeavor in the United States, including evidence of his practical impact and record of success in medical device innovation, enhancing patients' health and safety, and a letter of intent for future investment in his proposed endeavor.

30.    On September 9, 2024, Defendant Texas Service Center denied the Plaintiff's EB-2/NIW I-140 petition.  In this notice, while Defendants acknowledged that Mr. Masroor has established by a preponderance of the evidence that the he is an individual of exceptional ability pursuant to § 203(b)(2)(A) of the INA, Defendant USCIS denied the petition based

upon the failure of Plaintiff to demonstrate that the proposed endeavor is of national importance, Plaintiff is well-positioned to advance his proposed endeavor, and that it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification. *Matter of Dhanasar,* 26 I&N Dec. 884 (AAO 2016). Again, USCIS' decision is based upon a cursory review that ignored compelling evidence demonstrating the aforementioned national interest categories.

31.     First, in the denial notice, USCIS clearly failed to meaningfully review the RFE submission. As with the RFE notice, USCIS demonstrated a failure to conduct a thorough analysis of the extensive submission highlighting the national importance of Plaintiff's proposed endeavor. Again, in much of the denial notice, Defendants USCIS and the Texas Service Center neglected to specifically reference any of the relevant and probative evidence submitted by Plaintiff when determining that he did not meet the regulatory criteria. Defendant USCIS only comments on Plaintiff's failure to provide evidence to satisfy the standards set forth in the regulations without acknowledging the specificity of the proposed endeavor and evidence in support thereof. This cursory evaluation further underscores USCIS's arbitrary review and disregard of the evidence presented.

32.     With respect to the national importance of the proposed endeavor, Defendant USCIS's assertion in the Denial Notice that it is "not apparent what the Petitioner intends to develop" demonstrates a fundamental mischaracterization of Plaintiff's proposed endeavor. The Denial Notice claims that Plaintiff's endeavor shifted from "designing and manufacturing" to "introduction of this innovative medical device technology," and incorrectly applied standards set *Matter of Izummi* to suggest that Plaintiff made a material change to his petition. In reality, Plaintiff's proposed endeavor has consistently been the

14

establishment of an innovative medical device manufacturing venture in the United States, specifically focusing on developing and introducing advanced, lightweight, biocompatible breast implants to the U.S. market. Defendant USCIS's refusal to recognize the proposed endeavor as described in the detailed business plan—which was included both in the initial submission and the RFE response—further underscores its failure to comprehend the evidence provided. Plaintiff's endeavor aims to address critical unmet needs in the U.S. healthcare market, improve patient outcomes, and enhance public health by introducing safer, more comfortable, and advanced breast implant technologies.

33.     Moreover, Defendant USCIS' reliance on the preexistence of similar technologies as a basis for denial is misguided. While the concept of lightweight breast implants may have existed for some time, Plaintiff's endeavor is distinct in its approach and focus. Plaintiff seeks to introduce innovative design techniques and advanced materials to improve the safety, biocompatibility, and overall performance of breast implants in a U.S. market that remains dominated by heavier, traditional implants. The Denial Notice disregards the fact that the mere existence of similar technologies does not preclude further innovation or improvements in the field. As such, the introduction of advanced medical devices, particularly in a highly regulated and safety-critical industry like healthcare, inherently involves significant national importance by improving patient care, reducing healthcare costs, and fostering domestic manufacturing and job creation. Defendant USCIS's failure to recognize the transformative potential of Plaintiff's endeavor reflects a narrow and flawed analysis of the proposed endeavor's broader implications for the U.S. healthcare system and economy.

34.     With respect to Plaintiff's capabilities to advance his proposed endeavor in the United States, contrary to the Defendants' assertion in the RFE Notice, in the Denial Notice, Defendant USCIS acknowledged that holding an FDA certification is not a mandatory requirement to meet the well-positioned prong under *Matter of Dhanasar*. However, the Denial Notice erroneously emphasized that the lack of evidence regarding progress toward obtaining such certification was a material factor for consideration. Defendant USCIS fails to apprehend once again that Mr. Masroor is still in his home country, waiting for his I-140 petition to be approved; consequently, he could have not initiated his proposed work in the United States. Defendant USCIS' repeated the claims about providing evidence on the progress towards achieving the proposed endeavor in the U.S. is another example of the arbitrary nature of the review.

35.     As part of nearly 300 pages of submitted evidence in response to the RFE, Plaintiff provided extensive documentation of his qualifications, business plan, and letters of interest from industry experts and potential investors, all of which demonstrate that he is well-positioned to advance his proposed medical device manufacturing endeavor in the United States. The emphasis on FDA certification, despite the acknowledgment that it is not a statutory requirement, demonstrates a narrow and arbitrary interpretation of the evidence.

36.     Additionally, Defendant USCIS' dismissal of expert opinion letters and contracts provided by Plaintiff as insufficient to demonstrate his record of success further reflects a flawed analysis. The Denial Notice downgraded Plaintiff's extensive history of leadership in the medical device industry and his track record of securing international contracts and partnerships. The record included detailed letters from MedTech leaders endorsing Plaintiff's innovative contributions and highlighting his ability to lead a new

16

venture in the United States. By failing to give proper weight to these endorsements and other supporting evidence, Defendant USCIS disregarded significant, probative evidence that clearly demonstrates Plaintiff's capacity to achieve the objectives of his proposed endeavor. The Denial Notice's conclusion that Plaintiff is not well-positioned to advance his endeavor is not supported by the record and constitutes an arbitrary rejection of relevant evidence.

37.    To reiterate, none of the above-listed evidence received proper analysis in Defendant USCIS' denial of Plaintiff's petition. Given this total disregard for Plaintiff's relevant evidence, it is clear from the record that an in-depth analysis of Plaintiff's eligibility was never seriously conducted.

38.    Here, Defendant USCIS and the Texas Service Center failed to appropriately adjudicate Plaintiff's petition for an EB-2 visa with a National Interest Waiver as an expert in Medical Device Innovation, as demonstrated by their summary dismissal of probative evidence.

### III.    JURISDICTION

39.    This Honorable Court has subject matter jurisdiction over the claims alleged in this action under (1) 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq.* ("APA"), 8 U.S.C. § 1101, *et seq.* ("INA") (including 8 U.S.C. § 1182). This court may grant relief in this action under 5 U.S.C. §§ 553, *et seq.*, and §§ 701, *et seq.*; and 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act).

40.    This Honorable Court is not deprived of jurisdiction by 8 U.S.C. § 1252, INA § 242. *See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 688 (2001) (finding that INA § 242 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a

17

narrower construction of the jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder,* 130 U.S. 827, 839 (2010). Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.,* at 839. *See also, Geneme v. Holder,* 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana's* citation to a presumption favoring judicial review of administrative action when a statute does not specify discretion.)

41.    8 U.S.C. § 1252(a)(5), INA § 242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As this is not an action to review a removal order but an action challenging decisions by Defendants to deny Plaintiff's EB-2 I-140 petition, which was arbitrary, capricious, and contrary to law and settled agency practice, this Court retains original jurisdiction under the APA and 28 U.S.C. § 1331, as well as for declaratory relief under 28 U.S.C. § 2201.

## IV.    <u>VENUE</u>

42.   Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(b)(1)(2) as this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## V.    <u>PARTIES</u>

43.     Plaintiff Mohammadreza Masroor is a citizen of Iran, who holds a Master's degree in Business Administration. Mr. Masroor's exceptional ability is evidenced by his successful leadership as major shareholder and President of Arasimaye Tehran Company, as he led the company to grow into a leading manufacturer and distributor of innovative plastic surgery solutions, with exclusive partnerships with numerous international firms. Under his leadership, the company has achieved impressive financial success, boasting around $10 million in annual revenue. Based on his three-decade accomplishments, fully outlined in his I-140 petition, Plaintiff aimed to establish a medical device innovation startup venture in the United States, to design and manufacturing of innovative, lightweight, and biocompatible breast implants, aligns directly with national healthcare and technological advancement goals of the United States. Plaintiff filed his I-140 EB-2/NIW petition on May 14, 2024, with the Texas Service Center of USCIS [Receipt Number: IOE0925847780] seeking an immigrant visa with which to enter the United States and work in his field of exceptional ability.

44.     Defendant Kristi Noem ("Secretary Noem") is the Secretary of the U.S. Department of Homeland Security ("DHS"), the department under which the U.S. Citizenship and Immigration Services ("USCIS") and its Texas Service Center ("TSC") operate. The DHS is responsible for overseeing its sub-agency USCIS. As such, Secretary Noem has supervisory responsibility over USCIS and the adjudication of immigration-related petitions and applications such as the I-140 EB-2/NIW petition. Secretary Noem is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. This action is brought against her in her official capacity only, as well as her successors and

assigns. The DHS is headquartered at 2707 Martin Luther King Jr Avenue SE, Washington, DC 20528.

45.     Defendant Jennifer B. Higgins ("Acting Director Higgins") is the Acting Director of USCIS, the agency under which the TSC operates. USCIS is responsible for processing immigration and naturalization applications and establishing policies regarding immigration services. As such, Acting Director Higgins has supervisory responsibility over all operations of USCIS, which includes TSC and the adjudication of I-140 EB-2/NIW petition. Acting Director Higgins is charged with the implementation of the INA and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. This action is brought against her in her official capacity only, as well as her successors and assigns. USCIS is headquartered at 5900 Capital Gateway Drive, Camp Springs, MD 20588.

46.     Defendant Mary Elizabeth Brennan Seng ("Director Brennan Seng") is the Director of the Texas Service Center ("TSC") of USCIS. Director Brennan Seng is charged with overseeing the operations of the TSC, which includes adjudication of I-140 EB-2 petitions processed there. Director Brennan Seng is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. This action is brought against her official capacity only, as well as her successors and assigns. TSC is headquartered at 6046 N. Belt Line Road, Irving, TX 75038-0001.

47.     Defendant James R. McHenry III ("Acting Attorney General McHenry") is the Acting Attorney General of the United States. Acting Attorney General McHenry is charged with certain functions involved in the implementation of the INA and is further authorized to delegate such powers and authority to subordinate employees of the Federal Bureau of Investigation ("FBI"), which is an agency within the U.S. Department of Justice ("DOJ").

This action is brought against him in his official capacity only, as well as his successors and assigns. The DOJ is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

## VI.   EXHAUSTION OF REMEDIES NOT REQUIRED

48.   Plaintiff is not required to exhaust any administrative remedies before bringing this complaint. The denial of the I-140 EB-2/NIW petition by Defendant USCIS is a final agency action. There is no statutory or regulatory requirement to appeal to the agency in question. *See, Darby v. Cisneros,* 509 U.S. 137, 146-47, 153 (1993); *RCM Technologies, Inc. v. DHS,* 614 F.Supp.2d 39, 45 (D.D.C. 2009).

## VII.   CAUSE OF ACTION

### COUNT ONE:

### Violation of the APA, 5 U.S.C. § 701, *et seq.* by DHS/USCIS

49.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

50.   Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702.

51.   The APA requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See,* 5 U.S.C. § 706(2)(A).

52.   Defendant USCIS's decision to deny Plaintiff's EB-2 I-140 petition was illegal, improper, and is reviewable under 5 U.S.C. § 702.

53.   As a result of defendant USCIS's illegal conduct, Plaintiff is "suffering [a] legal wrong because of agency action" and is "adversely affected or aggrieved by [the] agency action," and therefore is entitled to judicial review of the revocation under 5 U.S.C. § 702.

54. Defendants' decision to deny Plaintiff's I-140 petition despite the evidence in the record demonstrating that he met the requirements for a holder of an advanced degree or exceptional ability who merits the waiver of the labor certification in the national interest of the United States, is "arbitrary, capricious, an abuse of discretion, [and] otherwise not in accordance with law" and should be "held unlawful and set aside" under 5 U.S.C. § 706(2)(A) and (D).

## COUNT TWO:

## Injunctive Relief for Violation of the Administrative Procedure Act 5 U.S.C. § 705

55. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Pursuant to 5 U.S.C. § 705, this Court may issue all necessary and appropriate processes to postpone the effective date of an agency action or to preserve the status or rights of a plaintiff or plaintiffs pending the conclusion of review proceedings.

## VIII.  INJURIES TO PLAINTIFF

57. Defendants' wrongful denial of Plaintiff's EB-2/NIW I-140 petition interferes with his ability to dedicate himself to his craft and to improve public health outcomes related to breast cancer treatment by enhancing patient health, safety, and well-being, through the development of innovative surgical tools and prosthetic devices for pain management, reconstructive surgery, and plastic surgery in the United States. The wrongful denial of Plaintiff's I-140 petition is causing him substantial professional, personal, and financial harm.

58. As a result of Defendants' arbitrary, capricious, *ultra vires*, and otherwise unlawful decision to deny his EB-2 I-140/NIW petition, Plaintiff is unable to obtain lawful

permanent residence in the United States. Plaintiff is unable to plan for his future, including future employment and professional commitments.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Honorable Court:

(1)    Declare that the denial of Plaintiff's EB-2/NIW I-140 is *ultra vires*, erroneous as a matter of law, arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law, and violates due process;

(2)    Issue an order directing Defendants to reopen Plaintiff's EB-2/NIW I-140 petition and issue a decision that is compliant with legal standards governing such petitions;

(3)    Issue an order directing Defendants to complete processing of Plaintiff's EB-2/NIW I-140 petition within a reasonable time set by this Court;

(4)    Retain jurisdiction over this action to monitor and enforce Defendants' compliance with all orders of this Court;

(5)    Grant attorney's fees, expenses and costs of court to Plaintiff, pursuant to the Equal Access to Justice Act, 42 U.S.C. § 1988, 5 U.S.C. § 504, 28 U.S.C. § 2412 and any other applicable law; and

(6)    Grant such other relief as this Court deems proper under the circumstances.

Respectfully submitted on this 28th day of January 2025.

**/S/ SANJAY SETHI**

_____

By: Sanjay Sethi, Esq.
**Sethi & Mazaheri, LLC**
344 Grove Street, #111
Jersey City, NJ 07302

Tel: (646) 405-9846
Fax: (201) 595-0957
E-mail: sethi@sethimaz.com

*Attorney for Plaintiff*