UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMADREZA MASROOR,**<br><br>Plaintiff,<br><br>v.<br>**KRISTI NOEM, Secretary,<br>DEPARTMENT OF HOMELAND<br>SECURITY, et al.**<br><br>Defendants. | Civil Action No. 25-256 (JDB) |

## MEMORANDUM OPINION

Plaintiff Mohammadreza Masroor challenges the U.S. Citizenship and Immigration Service's ("USCIS") denial of a waiver to an employment requirement in his visa application. USCIS moved to dismiss on the grounds that the decision to grant a waiver is committed to agency discretion by law. Because this Court agrees, the motion is granted.

## BACKGROUND

In May 2024, Masroor filed an I-140 Immigrant Petition seeking an EB-2 visa. Compl. [ECF No. 1] ¶ 11. An EB-2 visa is available to noncitizens with "advanced degrees" or "exceptional ability." 8 U.S.C. § 1153(b)(2)(A). Ordinarily, such visas must be "sought by an employer in the United States." Id. However, Masroor—an entrepreneur—has no employer. Compl. ¶ 2. So he applied for a "national interest waiver," which, if granted, permits a person to seek an EB-2 visa without an employer. Id. ¶ 12; 8 U.S.C. § 1153(b)(2)(B)(i). National interest waivers may be granted "when the Attorney General deems it to be in the national interest." 8 U.S.C. § 1153(b)(2)(B)(i).

1

USCIS rejected Masroor's request for a waiver. Compl. ¶ 18. Specifically, USCIS found that Masroor did not establish the substantial merit and national importance of his proposed endeavor, that he was not well positioned to advance his proposed endeavor, and that it would not be in the interests of the United States to grant his waiver. Id. Masroor appealed the denial to the USCIS Texas Service Center, which rejected his request for a national interest waiver for substantially the same reasons. Id. ¶¶ 29–30.

Masroor petitions this Court to review the denial of his national interest waiver under the Administrative Procedure Act ("APA"). Compl. ¶¶ 49–56. Now, USCIS moves to dismiss. See Mot. Dismiss & Mem. Supp. Thereof ("Mot.") [ECF No. 4]; Pl.'s Opp'n Def.'s Mot. Dismiss ("Opp'n") [ECF No. 7]; Reply Further Supp. Defs.' Mot. Dismiss ("Reply") [ECF No. 8].

**STANDARD OF REVIEW**

Federal courts must dismiss any claim over which they lack subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). It is the plaintiff's burden to establish subject matter jurisdiction, and a court is "not required . . . to accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). Courts must consider subject matter jurisdiction before other arguments, such as whether a complaint fails to state a claim, because "[w]ithout jurisdiction the court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 7 Wall. 506, 514 (1868)).

A complaint will only survive a motion to dismiss under Rule 12(b)(6) if it states a claim upon which relief may be granted. To do so, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). The court must accept the factual allegations in the

complaint as true and draw any reasonable inferences in the plaintiff's favor. Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).

## ANALYSIS

Masroor challenges USCIS's denial of a national interest waiver. But the Immigration and Nationality Act expressly divests courts of jurisdiction to review such decisions. Although Masroor seems to style his argument as, alternatively, a procedural challenge or a claim to enjoin ultra vires agency action, his points amount to a disagreement with USCIS's decision to deny his waiver. That is exactly the type of determination that Congress committed to the agency. When Congress commits a decision to agency discretion, courts may not re-weigh the evidence or substitute their own decision-making for the agency's. Accordingly, Masroor's claims must be dismissed.

### I.   APA

The APA provides a cause of action to individuals seeking review of certain agency decisions. See 5 U.S.C. §§ 702, 706. But a court lacks jurisdiction over such a claim if a statute precludes judicial review. See Califano v. Sanders, 430 U.S. 99, 105 (1977); 5 U.S.C. § 701(a)(1).

In the immigration context, Congress provided that "no court shall have jurisdiction to review" any "[d]ecision or action of the Attorney General or Secretary of Homeland Security" that is committed to "the discretion of the Attorney General or the Secretary of Homeland Security" in title 8, chapter 12, subchapter II of the United States Code. 8 U.S.C. § 1252(a)(2)(B)(ii).

The D.C. Circuit has held that § 1153(b)(2)(B)(i) falls within this jurisdiction-stripping provision. Zhu v. Gonzales, 411 F.3d 292, 295 (D.C. Cir. 2005); see also Bestman v. U.S. Dep't of Homeland Sec., Civ. A. No. 20-564 (TJK), 2025 WL 358764, at *4 (D.D.C. Jan. 31, 2025).

That is because § 1153(b)(2)(B)(i)'s language—a national interest waiver "may" be granted if the Attorney General "deems it to be in the national interest"—is "unfettered by any statutory standard whatsoever," thus evincing Congress's intent to grant the attorney general "complete discretion" over whether to issue a waiver.  Zhu, 411 F.3d at 295; see also Flores v. Garland, 72 F.4th 85, 89–90 (5th Cir. 2023); Poursina v. USCIS, 936 F.3d 868, 871 (9th Cir. 2019); Kondapally v. USCIS, 557 F. Supp. 3d 10, 25 (D.D.C. 2021) (a statute grants discretion if there is "no meaningful standard against which to judge the agency's exercise of discretion," leaving "no law to apply" (internal quotation marks omitted)).

Masroor does not deny that § 1153(b)(2)(B)(i) itself commits national interest waiver determinations to the Attorney General's discretion.  Instead, he argues that USCIS has removed its own discretion by issuing guidance on how it makes decisions under the statute.  See Opp'n at 3.  In Matter of Dhanasar, 26 I. & N. Dec. 884 (USCIS AAO 2016), USCIS explained that it "may" grant a national interest waiver if a petition demonstrates "(1) that the foreign national's proposed endeavor has both substantial merit and national importance; (2) that the foreign national is well positioned to advance the proposed endeavor; and (3) that, on balance, it would be beneficial to the United States to waive the job offer and labor certification requirements."  Id. at 889.  Masroor contends that, in his case, USCIS "fail[ed] to follow" these binding legal standards," and contends that because he challenges the "agency's legal reasoning . . . not its ultimate determination," his suit is not barred by § 1252(a)(2)(B)(ii).  Opp'n at 3.

But Masroor is mistaken.  The Supreme Court recently rejected a similar argument in Bouarfa v. Mayorkas, 604 U.S. 6 (2024).  Considering another discretionary immigration determination, the Court held that "the availability of judicial review" is not "dependent on agency practice" because "§ 1252(a)(2)(B)(ii) bars judicial review of decisions made discretionary by

4

legislation." Id. at 17 (emphasis in original) (internal quotation marks omitted). In other words, Congress's decision to insulate national interest waiver determinations from judicial review in § 1252(a)(2)(B)(ii) is final. Arguments like Masroor's create "perverse incentives" by discouraging agencies from "exercising . . . discretion consistently" for fear of "losing congressionally granted insulation from judicial review." Id. Because national interest waiver determinations are committed to agency discretion by statute, Dhanasar does not alter that fundamental unreviewability.

  Moreover, as the Ninth Circuit has explained, Dhanasar does not wash away agency discretion; it expressly preserves it. Poursina, 936 F.3d at 874. Even when a petitioner demonstrates all three Dhanasar factors, USCIS "may"—not must—"approve the national interest waiver as a matter of discretion." 26 I. & N. Dec. at 889; Poursina, 936 F.3d at 874. This is the same reason that the D.C. Circuit concluded that national interest waivers are committed to agency discretion. Zhu, 411 F.3d at 295 (explaining that the statutory "may" as opposed to "must" committed the national interest waiver decision to the Attorney General's discretion, even if the other criteria in § 1153(b)(2)(B)(i) were nondiscretionary). And Dhanasar even specifically confirmed that "the national interest waiver is purely discretionary." 26 I. & N. Dec. at 889 n.9 (internal quotation marks omitted).

  Even if Dhanasar had not explicitly preserved discretion, its criteria are so broad that they would not create a "meaningful standard against which to judge the agency's exercise of discretion." Kondapally, 557 F. Supp. 3d at 25 (internal quotation marks omitted). Under Dhanasar, the agency considers whether the petitioner's proposed project has "substantial merit" and whether a waiver would be "beneficial to the United States." 26 I. & N. Dec. at 889. These are "open-ended judgments" that "fall well short of an administrable legal standard" that could

permit review.  Poursina, 936 F.3d at 874 (citation modified).  In sum, Dhanasar does not provide plaintiffs with a vehicle to challenge otherwise unreviewable national interest waiver determinations.

Contrary to Masroor's artful framing, his claims are not about procedure or legal error, but instead are disagreements with how USCIS exercised its judgment.  He argues that USCIS "failed to engage" with important evidence, "misunderst[ood]" his proposed business plan, and "focused [too] narrowly" on unfavorable aspects of the record.  Opp'n at 10–11.  These are factual arguments about the propriety of USCIS's denial of the national interest waiver.  But factual disagreements with a discretionary decision are quintessentially unreviewable because unreviewability flows from the "nature of the administrative action at issue" not the rationale provided by the agency.  Sierra Club v. Jackson, 648 F.3d 848, 855 (D.C. Cir. 2011) (internal quotation marks omitted).  Because Masroor's arguments amount to a request that this Court re-weigh the evidence in his favor, they cannot be heard.

## II. Ultra Vires

In his opposition, Masroor argues that the denial of his national interest waiver petition was ultra vires.  Opp'n at 4–8.  But this supposed claim does not appear in the complaint.  Masroor mentions ultra vires only three times in his initial filing; he does not list it as a cause of action or specifically address any requirements of ultra vires review.  Instead, the complaint merely uses "ultra vires" as an adjective to describe conduct that Masroor believes is unlawful.  E.g., Compl. ¶ 58 ("As a result of Defendants' arbitrary, capricious, ultra vires, and otherwise unlawful decision . . . .").  This contrasts with his APA claims, where Masroor explicitly lists two causes of action and explains the theory of his claims.  Compl. ¶¶ 49–56.  Although Masroor devotes several pages in his opposition to arguing that the waiver denial was ultra vires, Opp'n at 4–8, "it is axiomatic

6

that a party may not amend his complaint through an opposition brief," Sai v. Transportation Sec. Admin., 326 F.R.D. 31, 33 (D.D.C. 2018) (citation modified). Accordingly, the complaint does not allege an ultra vires claim and Masroor's attempt to plead it through the opposition is unavailing.

Even if Masroor had properly raised an ultra vires claim, it would fail. To state an ultra vires claim, a plaintiff must establish "that (1) review is not expressly precluded by statute, (2) there is no alternative procedure for review of the statutory claim and (3) the challenged action is plainly in excess of the agency's delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." Glob. Health Council v. Trump, No. 25-5097, 2025 WL 2326021, at *12 (D.C. Cir. Aug. 13, 2025) (citation modified). Ultra vires claims are reserved for extraordinary cases where "the agency action goes beyond mere legal or factual error and amounts to a clear departure by the agency from its statutory mandate" or is otherwise "blatantly lawless." Fed. Express Corp. v. U.S. Dep't of Com., 39 F.4th 756, 764 (D.C. Cir. 2022) (citation modified). Courts must be exceedingly cautious of exercising ultra vires review because it "seeks the intervention of an equity court where Congress has not authorized statutory judicial review." Id.

Any ultra vires claim Masroor may raise fails on the first element. As previously discussed, 8 U.S.C. § 1252 expressly precludes judicial review of national interest waiver determinations because those judgments are committed to agency discretion. And to call a discretionary determination ultra vires is nearly a contradiction in terms. When Congress grants an agency discretion, the subsequent decisionmaking cannot go beyond that delegated power because Congress has deliberately omitted statutory constraints. See Dalton v. Specter, 511 U.S. 462, 474 (1994) ("Where a statute . . . commits decisionmaking to the discretion of the President," ultra vires "review of the President's decision is not available."); Mountain States Legal Found. v. Bush,

7

306 F.3d 1132, 1136 (D.C. Cir. 2002) (holding ultra vires review unavailable where there are no "discernible [statutory] limits on the President's discretion."). Masroor cannot use ultra vires to end-run Congress's decisions to commit national interest waiver determinations to agency discretion and thereby preclude judicial review.

Masroor's ultra vires challenge also fails because it is simply a repackaging of his APA claims. He argues that the agency failed to provide "meaningful analysis," improperly applied the Dhanasar test, and disregarded evidence that he believed important. Opp'n at 5–8. By their own terms, these allegations do not go "beyond mere legal or factual error" as necessary to raise an ultra vires claim. Fed. Express, 39 F.4th at 764. And because the ultimate waiver determination is committed to the agency, Masroor cannot identify any "statutory mandate" that USCIS supposedly exceeded or explain how UCSIC's determination (even if incorrect) amounts to "blatantly lawless" action. Id. (internal quotation marks omitted). None of Masroor's allegations come close to the extremely high bar necessary to constitute ultra vires action.

Accordingly, Masroor's ultra vires argument must be dismissed for failure to state a claim.

## CONCLUSION

For these reasons, the Court will grant defendant's motion to dismiss. A separate Order shall issue on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: August 25, 2025